IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civ. No. 06-034-JJF |
| | : | |
| ERIC M. WHITTLE, Strawman, | : | |
| a/k/a Michah-El Ali, | : | |
| | : | |
| Defendant. | : | |

**MEMORANDUM ORDER**

Eric M. Whittle, a/k/a Micah-El Ali, filed a Notice of Removal on January 17, 2006. (D.I. 2). He appears pro se and on February 1, 2006, was granted in forma pauperis status pursuant to 28 U.S.C. § 1915. (D.I. 3).

**I.   FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff filed as an exhibit a Court of Common Pleas Criminal Docket that indicates he was arrested on August 22, 2003. (D.I. 1, Ex.). A criminal case was filed against him in the Delaware Criminal Court of Common Pleas on September 26, 2003. Plaintiff was released on his own recognizance and his arraignment was scheduled for December 1, 2003. Id. Plaintiff pled not guilty on December 3, 2003, and at the same time demanded a jury trial. Id. As of the date of the Notice of Removal Plaintiff had yet to be tried although the trial was set for March 15, 2004, April 25, 2005, and August 8, 2005. Id. On each occasion Plaintiff failed to appear and the trial was continued. Id. The last docket entry indicates that the jury

trial was set for January 18, 2006.  <u>Id</u>.

One day before the last scheduled trial date, on January 17, 2006, Plaintiff filed a Notice of Removal pursuant to 28 U.S.C. § 1441 and § 1446.  (D.I. 2).  Plaintiff alleges that the State of Delaware has denied him due process of law.  Attached to the notice is a Declaration of Nationality and Constitutional Protections of Rights and Immunities as well as a civil complaint form entitled "IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE".  The Notice of Removal did not include any process, pleadings or orders from the underlying state criminal action.  The Court was provided with only the criminal docket sheet.

Plaintiff asks that all state actions "cease and desist", for "a hearing in an Article III Constitutional Court", and "removal of [the] hearing from the State's Jurisdiction."

**II.  REMOVAL**

Plaintiff filed his Notice of Removal pursuant to 28 U.S.C. § 1441 and § 1446.  Section 1441 provides no basis for the removal of a state criminal proceeding.  28 U.S.C. § 1441; <u>Pennsylvania v. Bolick</u>, No. 05-1917, 144 Fed.Appx. 274 (3d. Cir. Sept. 20, 2005).  Accordingly, the Court turns to § 1446 which does provide for removal of criminal prosecutions from a state court.

Under § 1446, a notice of removal of a criminal prosecution

shall include all grounds for such removal. 28 U.S.C. § 1446(c)(2). A federal district court is to examine promptly the notice of removal of a criminal prosecution. 28 U.S.C. 1446(c)(4). If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand. Id. Section 1446(c)(1) provides that a notice of removal of a criminal prosecution shall be filed not later than thirty days after the arraignment in the State court, or at any time before trial, whichever is earlier, except that for good cause shown the United States district court may enter an order granting the defendant or defendants leave to file the notice at a later time.

    The Docket Sheet provided by Plaintiff indicates that he was arraigned on December 3, 2003. State of Delaware v. Whittle, Criminal Action Nos. MN03094442, MN03094443, MN03094444, MN03094445, and MN03094446. Plaintiff, however, did not file his notice of removal until over two years later, on January 17, 2006. Plaintiff did not provide good cause for late filing. Indeed, he filed the Notice of Removal without requesting or obtaining leave to file it late as is required by § 1446(c)(1). Therefore, the notice of removal is untimely.

    Additionally, Plaintiff failed to comply with other requisites for removal. He did not provide for the Court's review any copies of process, pleadings, or orders from the state

criminal proceeding. See 28 U.S.C. § 1446(a). Nor does it appear that he gave the State of Delaware notice of the removal.

Finally, Plaintiff asks that all state actions "cease and desist", for "a hearing in an Article III Constitutional Court", and "removal of [the] hearing from the State's Jurisdiction." Section 1446(c)(3) specifically provides that the filing of a petition for removal of a criminal prosecution shall not prevent the state court in which the prosecution is pending from proceeding further, except that a judgment of conviction shall not be entered until the petition is denied. Hence, the statute does not afford Plaintiff the type of relief he seeks.

Based upon the foregoing, it is clear from the face of the Notice of Removal and the exhibits provided by Plaintiff that removal cannot be permitted. Therefore, the case is summarily remanded to the state courts of Delaware.

**IV. CONCLUSION**

NOW THEREFORE, at Wilmington this 9 day of February, 2006, IT IS HEREBY ORDERED that the case is summarily remanded to the state courts of Delaware.

_____<br>UNITED STATES DISTRICT JUDGE